William C. McNeill, III, State Bar No. 64392
Marsha J. Chien, State Bar No. 275238
The LEGAL AID SOCIETY- EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
e-mail: wmcneill@las-elc.org
e-mail: mchien@las-elc.org

Attorneys for Plaintiffs

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated | No. |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| v. | DEMAND FOR JURY TRIAL |
| BANK OF AMERICA CORPORATION, | CLASS ACTION |
| Defendants. | |

Plaintiff Jane Doe ("Doe" or "Plaintiff") brings this class action on behalf of herself individually and all those similarly situated against Defendant Bank of America Corporation ("Bank of America" or "Defendant"), and alleges as follows:

## INTRODUCTION

1.      This class action lawsuit challenges Bank of America's policy and practice of rejecting job applicants because the applicant has an actual or presumed arrest not resulting in a conviction ("no arrest policy"). The action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 (Title VII), the California Fair Employment and Housing Act, Cal. Gov. Code § 12940(a) ("FEHA"), California Labor Code § 432.7 ("Labor

Code section 432.7"), and the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, also known as the Unfair Competition Law ("UCL"). Bank of America's no arrest policy violates Title VII and the FEHA because the policy has a disparate impact on African Americans given the disproportionate arrest rate for Blacks, and is not job related or consistent with business necessity. 42 U.S.C. § 2000e-2(k); Cal. Gov. Code § 12940(a). In addition, the no arrest policy violates Labor Code section 432.7 which prohibits an employer from seeking information about an arrest which did not result in a conviction or from using the record of such an arrest as a factor in making employment decisions, including hiring. Based on the violations of Title VII, the FEHA, and Labor Code section 432.7, the no arrest policy is unlawful under the UCL.

2. Plaintiff seeks declaratory, injunctive, and equitable and monetary relief, restitution, and an award of costs, expenses, and attorneys' fees for herself and on behalf of the classes alleged herein.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

3. <u>Jurisdiction</u>: The Court has jurisdiction of Plaintiff's Title VII claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction of Plaintiff's state law claims under the FEHA, Labor Code section 432.7, and the UCL pursuant to 28 U.S.C § 1367.

4. <u>Venue</u>: Venue is proper in, and Bank of America is subject to the personal jurisdiction of, this Court because Bank of America maintains facilities and business operations in this District, and the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

5. <u>Intradistrict Assignment</u>: Assignment of this action to the San Francisco/Oakland Division of this Court is proper pursuant to Local Rule 3-2(c) and (d) because the events giving rise to this action occurred in Alameda County California. In particular, Bank of America rejected Plaintiff's employment applications in Alameda County.

**PARTIES**

6.     Plaintiff Jane Doe is an African American woman who resides in Alameda County, California.

7.     Defendant Bank of America is a Delaware corporation with its headquarters in Charlotte, North Carolina. Bank of America maintains facilities and business operations in this District.

8.     Bank of America has approximately 242,000 employees in the United States, including employees at approximately 1,000 facilities in California. Bank of America operates in all 50 states.

9.     With 15 or more employees, Bank of America is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the FEHA, Cal. Gov. Code § 12925(d).

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.     Prior to March 14, 2011, Ms. Doe worked for Bank of America as a seasonal clerk. Bank of America voiced no complaints about her job performance.

11.     On March 14, 2011 Ms. Doe was arrested by the Antioch, California police. The District Attorney never charged Ms. Doe with any of the crimes for which she was arrested, or for any other crimes. Ms. Doe had not been arrested before the March 14th incident and has not been arrested since.

12.     From July 2011 through February 2013, Ms. Doe applied for a seasonal data entry clerk position with Bank of America through a number of staffing agencies, including Staffmark, Manpower, and Nelson Staffing Agency. Each time she applied, Ms. Doe was fingerprinted, and Bank of America ran a criminal record background check. After the background check, each of Ms. Doe's applications was rejected.

13.     Ms. Doe is informed and believes and on that basis alleges that Bank of America, after performing a criminal record background check, disqualified her for employment solely because of her March 14, 2011 arrest which did not result in the filing of charges or a conviction. This allegation is based on Ms. Doe's pre-arrest employment and post-arrest rejections for the same position, written confirmation from

1   the staffing agency at Bank of America that Ms. Doe was not qualified for the position

2   due to the results of her federal fingerprinting, and comments by staffing agencies'

3   personnel, including a statement by a Staffmark administrator that to be hired at Bank of

4   America her record had to be "squeaky clean," without even "traffic violations."

5         14.    Ms. Doe is informed and believes and on that basis alleges that Bank of

6   America has a policy and/or practice of rejecting job applicants because the applicant

7   has an actual or presumed arrest not resulting in a conviction. This allegation is based on

8   Ms. Doe's pre-arrest employment and post-arrest rejections, written confirmation from

9   the staffing agency at Bank of America that Ms. Doe was not qualified for the position

10   due to the results of her federal fingerprinting, and the comments by staffing agencies'

11   personnel, including a statement by a Staffmark administrator that to be hired at Bank of

12   America her record had to be "squeaky clean," without even "traffic violations."

13         15.    Ms. Doe desires to work for Bank of America in the future, but the

14   bank's unlawful policy and practice of disqualifying persons based on an arrest without

15   a conviction precludes her future employment with the Bank of America.

16         16.    In 2010, African Americans make up approximately 7.2% of

17   California's general population and approximately 5.5% the state's civilian labor force.

18   *The Black Population: 2010*, U.S. Census Bureau  8, (Sept. 2011);  State Data Center,

19   State of California Equal Employment Opportunity (EEO) Tabulation 2006-2010,

20   http://www.dof.ca.gov/research/demographic/state_census_data_center/american_comm

21   unity_survey/EEO2010.php" \l "EEO2010. In contrast, approximately 16.7% of those

22   arrested for felony or misdemeanor violations in California in 2010 were African

23   American.  Kamala D. Harris, California Department of Justice, *Crime in California 33*

24   (2010).  In 2010, whites made up approximately 40% of California's population and

25   approximately 43.9% of the civilian labor force.  *The White Population: 2010*, U.S.

26   Census Bureau, (Sept. 2011); State Data Center, State of California Equal Employment

27   Opportunity (EEO) Tabulation 2006-2010 8.

28   http://www.dof.ca.gov/research/demographic/state_census_data_center/american_comm

unity_survey/EEO2010.php" \l "EEO2010. In 2010, whites accounted for approximately 36% of felony and misdemeanor arrests. Kamala D. Harris, California Department of Justice, *Crime in California 33* (2010). In 2010 nearly 8.5% of California's black population was subject to arrest for violations of law. *Crime in California* 16 and 33 (2010); *The Black Population: 2010* at 8. The corresponding figure for whites was approximately 3%. *Crimes in California* at 16 and 33; *The White Population: 2010* at 8.

17. In 2010, 13.6% of the U.S. population and 11.6% of the civilian labor force was African American. U.S. Census Bureau, *The Black Population: 2010*, at 3; Bureau of Labor Statistics, *Employment Projection Civilian Labor Force by Age, Sex, Race and Ethnicity,* Table 3.4, (December 19, 2013). In 2010, African Americans accounted for approximately 28% of the arrests nationwide. *U.S. Department of Justice, Federal Bureau of Investigation, 2010 Crime in the United States,* Table 43. In 2010, whites made up over 72.4% of the general population and 79.8% of the national civilian labor force. *The White Population: 2010* at 3*;* Bureau of Labor Statistics, *Employment Projection Civilian Labor Force by Age, Sex, Race and Ethnicity,* Table 3.4, (December 19, 2013). In 2010, whites accounted for approximately 69.4% of the arrests. *U.S. Department of Justice, Federal Bureau of Investigation, 2010 Crime in the United States,* Table 43. Nationally, almost 6.8% of African Americans were arrested in 2010 compared to approximately 3.2% of whites. *Id.*; The Black Population: 2010, at 3; *The White Population: 2010* at 3.

18. Because African Americans are arrested at a higher rate than whites, Bank of America's policy and practice of disqualifying persons for employment based on an arrest, not resulting in a conviction, has a disparate impact on African Americans.

19. The EEOC's *Enforcement Guidelines on the Consideration of Arrests and Convictions under Title VII of the Civil Rights Act of 1964*, EEOC Enforcement Guidelines No. 915.002 (4/25/12) instruct that disqualification from employment based solely on an arrest violates Title VII. *Guidelines*, ¶V.B.2, p. 12.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20.     On August 5, 2013, Plaintiff filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  These Charges were cross-filed with the Department of Fair Employment and Housing ("DFEH").

21.     On February 24, 2014, the EEOC mailed Ms. Doe a Notice of Right to Sue, which was received by counsel on February 26, 2014.

22.     Plaintiff commenced this action within 90 days of receiving the Notice of Right to Sue.

**CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this action on behalf of herself and all persons similarly situated in the subclasses alleged herein pursuant to F.R.Civ.P, Rule 23 (a) and 23 (b)(2) and (b)(3).

24.     Injunctive relief subclasses under Rule 23 (b)(2).

  A. <u>Title VII/FEHA injunctive subclass</u>**:** All African Americans in California whose applications for employment have been rejected or will be rejected by Bank of America because they had an actual or presumed arrest which did not result in a conviction.

  B. <u>Section 432.7 injunctive subclass</u>**:** All persons in California whose applications for employment have been rejected or will be rejected by Bank of America because they had an actual or presumed arrest which did not result in a conviction.

25.     Monetary relief subclasses under Rule 23(b)(3).

  A. <u>Title VII/FEHA monetary subclass</u>**:** All African Americans in California whom Bank of America rejected for employment since October 19, 2012 because they had an actual or presumed arrest which did not result in a conviction.

  B. <u>Section 432.7 monetary subclass</u>**:**  All applicants for employment with Bank of America in California, beginning four years prior to

1          the filing of this complaint, who were not hired because they had

2          an actual or presumed arrest which did not result in a conviction.

3      26.     Plaintiff is a member of each of the subclasses she seeks to represent.

4      27.     Plaintiff, as class representative, and the subclasses as defined above

5  satisfy the requirements of Rule 23(a)(1)-(4).

6          A.   Rule 23(a)(1) – Numerosity.  The exact sizes of the Title

7              VII/FEHA and the Labor Code section 432.7 subclasses are not

8              known at present and will be determined through discovery.

9              However, Bank of America employs approximately 1,000

10             facilities in California. Consequently, it is likely that the Title

11             VII/FEHA injunctive relief and monetary relief subclasses

12             include in excess of one hundred rejected African American

13             applicants. Similarly, it is likely that the Labor Code section

14             432.7 injunctive relief and monetary subclasses include in excess

15             of one hundred rejected applicants. In addition, the members of

16             each subclass are spread throughout California. Accordingly, the

17             members of each subclass are so numerous and so situated that

18             individual joinder of the members of each subclass before this

19             Court is impracticable.

20         B.   Rule 23(a)(2) – Commonality.  This case presents common

21             factual and legal questions because members of each subclass

22             have suffered a similar injury (rejection of application for

23             employment) as a result of Bank of America's application of a

24             single policy and practice (disqualification from employment

25             based on an arrest not resulting in a conviction). More

26             specifically, resolution of one common factual and legal question

27             – whether Bank of America has such a policy and practice and

28             whether that policy is illegal-- will generate a common answer

1    determinative of liability under section 432.7 and determinative

2    of an element of the Title VII and the FEHA disparate impact

3    claims. In addition, the resolution of mixed common factual and

4    legal questions will produce common answers to other issues

5    raised by the Title VII and FEHA claims, e.g., whether the no

6    arrest policy and practice has an unlawful disparate impact on

7    African Americans, whether the policy and practice is job related

8    and consistent with business necessity, and, if so, whether there is

9    an̶ less discriminatory alternative to the no arrest policy, without a

10   similar discriminatory effect, which would serve Bank of

11   America's legitimate business interests.

12        C.  Rule 23(a)(3) – Typicality.  The claims of the Plaintiff are typical

13            of the claims of the members of the subclasses. Class members

14            have suffered the same or similar injury caused by the same

15            course of conduct (rejection of application because the applicant

16            has an arrest not resulting in a conviction), the application of the

17            policy is not unique to Plaintiff, and the Plaintiff's claims are not

18            subject to unique defenses.

19        D.  Rule 23(a)(4) – Adequacy. Plaintiff will fairly and adequately

20            represent and protect the interests of the members of the

21            subclasses. Plaintiff has no conflicts of interest with the proposed

22            subclasses. Plaintiff continues to desire employment with Bank of

23            America and is committed to having Bank of America eliminate

24            its policy and practice of disqualifying persons from employment

25            based on an arrest not resulting in a conviction. Plaintiff is

26            represented by competent counsel.

27        28.    The claims of the injunctive relief subclasses under Title VII/FEHA and

28   section 432.7 are properly litigated pursuant to Rule 23(b)(2). The no arrest policy

challenged under Title VII/FEHA and section 432.7 is common to the members of each subclass. If found unlawful, the policy and/or practice can be enjoined by an indivisible injunctive order which would be applicable to all subclass members.

29.     The monetary/individual injunctive relief subclasses are appropriately certified under Rule 23(b)(3) because common questions predominate over questions affecting only individual class members, and class resolution is superior to other available methods of adjudicating the controversy. Common questions predominate because whether the Bank of America's no arrest policy has an unlawful disparate impact under Title VII/FEHA and whether that policy violates section 432.7 are common issues which must be decided before individualized proceeding for monetary relief or individual equitable relief can occur. Class treatment is superior to other available methods for adjudication because resolution of the common issues determinative of liability will promote uniformity and efficiency. In addition, class members have a diminished interest in controlling the common portions of the case given their right to opt out of the monetary subclasses. Finally, there is no other litigation which raises the claims alleged in this case, and the subclasses are manageable.

## FIRST CLAIM FOR RELIEF

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(k)

On behalf of Plaintiff and the Title VII Injunctive Relief and Monetary Relief Subclasses

30.     Plaintiff incorporates by reference all allegations in all preceding paragraphs.

31.     Bank of America's policy and/or practice of not hiring applicants based on their record of an arrest not resulting in a conviction has a disparate impact on African Americans. Moreover, the policy and/or practice is neither job related nor consistent with business necessity. Even if the policy and/or practice could be justified by business necessity, which it cannot, less discriminatory alternatives exist which

would equally serve any alleged business necessity.  Accordingly, Bank of America's no arrest policy and/or practice violates rights secured to Plaintiff and the Title VII injunctive relief subclass and the Title VII monetary relief subclass by Title VII.

32.     Plaintiff and the members of the Title VII injunctive relief subclass have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein. The injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff and the injunctive relief subclass are now suffering, and will continue to suffer, irreparable injury from Bank of America's discriminatory acts and omissions.

33.     Bank of America's conduct has caused and continues to cause Plaintiff and members of the Title VII monetary subclass substantial lost earnings and other employment benefits.

34.     To remedy the violation of the rights of Plaintiff and the members of the Title VII injunctive relief subclass and the Title VII monetary relief subclass, Plaintiff requests that the Court award them the relief prayed for below.

## SECOND CLAIM FOR RELIEF

California Fair Employment and Housing Act,

Cal. Gov. Code § 12940(a)

On behalf of Plaintiff and the FEHA Injunctive Relief and Monetary Relief Subclasses

35.     Plaintiff incorporates by reference all allegations in all preceding paragraphs.

36.     Bank of America's no arrest policy and/or practice, which has a disparate impact on African Americans as described above, violates rights secured by the FEHA to Plaintiff and the members of the FEHA injunctive relief subclass and monetary relief subclass.

37.     As a result of Bank of America's violation of the FEHA, Plaintiff and the members of the FEHA injunctive relief subclass are entitled to the injunctive relief sought herein.

38.     Bank of America's conduct has caused and continues to cause Plaintiff and members of the FEHA monetary subclass substantial lost earnings and other employment benefits.

39.     To remedy the violation of the rights of Plaintiff and the members of the FEHA injunctive relief subclass and the FEHA monetary relief subclass, Plaintiff requests that the Court award them the relief prayed for below.

**THIRD CLAIM FOR RELIEF**

Cal. Labor Code § 432.7

On behalf of Plaintiff and the Labor Code § 432.7 Injunctive Relief and Monetary Relief Subclasses

40.     Plaintiff incorporates by reference all allegations in all preceding paragraphs.

41.     Bank of America's policy and/or practice of rejecting applicants and terminating employees because they have an arrest not resulting in a conviction constitutes an intentional violation of the rights under Labor Code section 432.7 of Plaintiff and the members of the Labor Code section 432.7 injunctive relief and monetary relief subclasses.

42.     Plaintiff and the members of the Labor Code section 432.7 injunctive relief subclass have no plain, adequate, or complete remedy at law to redress Bank of America's violations of Labor Code section 432.7. The injunctive relief sought is the only means of securing complete and adequate relief for those violations. Plaintiff and the injunctive relief subclass are now suffering, and will continue to suffer, irreparable injury as a result of Bank of America's violation of Labor Code section 432.7.

43.     As a result of Bank of America's violations of Labor Code section 432.7, Plaintiff and the members of the Labor Code section 432.7 applicant monetary

subclasses have incurred and will continue to incur actual damages, including, without limitation, lost pay, lost employment benefits, general damages, and special damages.

44.    To remedy Bank of America's violations of the rights of Plaintiff and the members of the Labor Code section 432.7 subclasses, Plaintiff requests that the Court award them the relief prayed for below.

**FOURTH CLAIM FOR RELIEF**

California Unfair Business Practices Act

Business and Professions Code §§ 17200, *et seq*.

On behalf of Plaintiff and All Subclasses

45.    Plaintiff incorporates by reference all allegations in all preceding paragraphs.

46.    Bank of America's policy and/or practice of disqualify person from employment because they have an arrest not resulting in a conviction, as described above, violates rights secured to Plaintiff and the members of the Title VII/FEHA subclasses under Title VII and the FEHA, and rights secured to Plaintiff and the members of the Labor Code section 432.7 subclasses under Labor Code section 432.7. Bank of America's policy and/or practice therefore constitutes an unlawful or fraudulent business act or practice that violates Business and Professions Code section 17200, *et seq.* This conduct occurred during the four years preceding the filing of this complaint.

47.    Plaintiff, on behalf of herself, all subclasses, and the general public, and in order to enforce California's public policy against employment discrimination and violations of Labor Code section 432.7, as secured by the UCL, request that the Court award the relief prayed for below.

**DECLARATORY RELIEF ALLEGATIONS**

48.    Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the complaint.

49.     An actual controversy exists between Plaintiffs and Defendant concerning their respective rights and duties.  Plaintiff contends Defendant violated her rights under Title VII, FEHA, and the California Labor Code, and the Unfair Business Practices Act.  Plaintiffs are informed and believe, and thereupon allege, that Defendant denies that these actions were unlawful.  Declaratory relief is therefore necessary and appropriate.

50.     Plaintiffs seek a judicial declaration of the rights and duties of the respective parties, including a declaration of Defendant's duty to comply with the law.

## INJUNCTIVE RELIEF ALLEGATIONS

51.     Plaintiffs re-allege and incorporate herein all previously alleged paragraphs of the complaint.

52.     No previous application for injunctive relief sought herein has been made to this Court.

53.     If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

54.     No plain, adequate, or complete remedy at law is available to Plaintiffs to redress the wrongs addressed herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the all subclasses pray that the Court provide the following relief:

A.     Certification of the injunctive relief subclasses pursuant to F.R.Civ.P, Rule 23(b)(2);

B.     Certification of the monetary relief subclasses pursuant to F.R.Civ.P, Rule 23(b)(3);

C.     Designation of Jane Doe and her attorneys as representatives of the subclasses certified pursuant to Rule 23(a); (b)(2); and (b)(3);

D.     A judgment declaring that Bank of America's policy and/or practice of rejecting applicants and terminating employees because they have an

arrest not resulting in a conviction is unlawful under Title VII, the FEHA, Labor Code section 432.7, and the UCL;

E.   A preliminary and permanent injunction preventing Bank of America and its officers, directors and employees from rejecting applicants because they have an arrest not resulting in a conviction;

F.   A preliminary and permanent injunction requiring Bank of America to implement policies, practices, and programs that ensure that African American applicants are not discriminated against with respect to terms and conditions of employment because they have an arrest not resulting in a conviction;

G.   A preliminary and permanent injunction requiring Bank of America to carry out policies, practices, and programs that ensure that applicants for employment are not subjected to policies or practices which violate Labor Code section 432.7;

H.   A preliminary and permanent injunction providing appropriate individual injunctive relief to Plaintiff, including without limitation, an injunction requiring Bank of America to consider her for employment without regard to the fact that she has an arrest not resulting in a conviction;

I.   A preliminary and permanent injunction providing appropriate individual injunctive relief to members of the Title VII/FEHA injunctive subclass and to the members of the Labor Code section 432.7 injunctive subclass who establish that they are entitled to injunctive relief;

J.   Award of monetary relief as follows:

   a.   On the First Claim For Relief, order Bank of America to pay back and front pay to Plaintiff and the members of the Title VII monetary subclass in an amount to be proved at trial;

1          b.    On the Second Claim for Relief, order Bank of America to pay

2          back and front pay to Plaintiff and the members of the FEHA

3          monetary subclass in an amount to be proved at trial;

4          c.    On the Third Claim for Relief, order Bank of America to pay

5          Plaintiff and the members of the Labor Code section 432.7

6          applicant monetary subclass damages in accordance with Labor

7          Code Section 432.7, subdivision (c);

8          d.    On the Fourth Claim For Relief, order Bank of America to make

9          restitution to the Plaintiff and the members of monetary

10         subclasses on whose behalf claims are asserted who were

11         deprived of wages, compensation, fringe benefits, or other

12         equitable monetary relief as a result of Bank of America's

13         violations of law to the extent the UCL provides such remedies;

14     K.    An award of pre-judgment and post-judgment interest on all monetary

15         amounts awarded in this action, as provided by law;

16     L.    An award of reasonable attorneys' fees, costs, and expenses; and

17     M.    An award of such other and further relief that the Court finds equitable,

18         just, and proper.

19

20     Dated: April 8, 2014        Respectfully submitted,

21         William C. McNeill, III

22         Marsha J. Chien
    THE LEGAL AID SOCIETY-

23             EMPLOYMENT LAW CENTER,

24

25         By:  __/s/ Marsha J. Chien_____

26             MARSHA J. CHIEN
        Attorney for Plaintiffs

27

28

1

**DEMAND FOR JURY TRIAL**

2      Pursuant to Local Rule 38.1, plaintiff Jane Doe demands a jury trial.

3

4  Dated:  April 8, 2014                          Respectfully submitted,

5                                                 William C. McNeill, III
                                                  Marsha J. Chien
6                                                 THE LEGAL AID SOCIETY-
                                                     EMPLOYMENT LAW CENTER,
7

8

9                                      By:  ___/s/ Marsha J. Chien_____
10                                              MARSHA J. CHIEN
                                                Attorney for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28