UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>       Plaintiff,<br>  v.<br>BANK OF AMERICA CORPORATION,<br>       Defendant. | Case No. 14-cv-01613-MEJ<br><br>**ORDER RE: USE OF PSEUDONYM** |

Plaintiff filed her complaint pseudonymously on April 8, 2014, as a putative class action on behalf of herself individually and all those similarly situated against Defendant Bank of America Corporation. Plaintiff challenges Bank of America's policy and practice of rejecting job applicants because the applicant has an actual or presumed arrest not resulting in a conviction. Compl. at 1. She alleges that this practice violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*, and the California Fair Employment and Housing Act, Cal. Gov. Code § 12940(a) because the policy has a disparate impact on African Americans given the disproportionate arrest rate for Blacks, and is not job related or consistent with business necessity. *Id.* at 2. Although named as Jane Doe in the complaint, Plaintiff has not sought leave to commence this action using a pseudonym.

Federal Rule of Civil Procedure 10 requires that "the title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule embodies the notion that "plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598-99 (1978)). "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1155 fn. 1 (9th Cir. 2007)).

The Ninth Circuit has identified three situations in which parties have been allowed to

proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, 2012 WL 3583023, at *2 (N.D. Cal. Aug. 20, 2012) (citing *Advanced Textile Corp.*, 214 F.3d at 1068). A party requesting to remain anonymous must make an affirmative showing that "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."[1] *Advanced Textile Corp.*, 214 F.3d at 1068.

If Plaintiff wishes to proceed anonymously, she must first overcome the presumption that the use of fictitious names conflicts with the public's common law right of access to judicial proceedings. Accordingly, the Court ORDERS Plaintiff to file a motion to proceed using a pseudonym by April 21, 2014. If Plaintiff seeks anonymity based on a risk of retaliation, she shall address the five-factor balancing test in addition to the generalized *Advanced Textile* balancing test. As the Court is likely to err on the side of public disclosure, Plaintiff is advised that she must make a compelling showing, including citations to factually similar cases in the Ninth Circuit where courts have found that the plaintiff presented sufficient evidence to justify the use of pseudonyms.

**IT IS SO ORDERED.**

Dated: April 9, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] As recently re-stated by the Ninth Circuit in *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, where a party seeks anonymity under the first category in order to prevent retaliation, courts apply a more nuanced five-factor balancing test: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. 596 F.3d 1036, 1042 (9th Cir. 2010) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).